**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WEST FLAGLER ASSOCIATES, LTD., a
Florida Limited Partnership d/b/a MAGIC
CITY CASINO,

BONITA-FORT MYERS CORPORATION,
a Florida Corporation d/b/a BONITA
SPRINGS POKER ROOM,

    *Plaintiffs*,        Civil Action No.  1:21-cv-02192-DLF

v.

DEB HAALAND, in her official capacity as
SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

UNITED STATES DEPARTMENT OF
THE INTERIOR,

    *Defendants*.

---

**SEMINOLE TRIBE OF FLORIDA'S REPLY MEMORANDUM TO PLAINTIFFS'
CONSOLIDATED MEMORANDUM IN OPPOSITION TO TRIBE'S MOTION FOR
LIMITED INTERVENTION AND MOTION TO DISMISS**

Plaintiffs in their Response to the Seminole Tribe of Florida's Motion for Limited
Intervention and Motion to Dismiss repeatedly attempt to force the Tribe to address and the Court
to rule on Plaintiffs' underlying merits arguments.  The crux of their argument is that, based on
their assertions that the online sports betting provisions in the 2021 Compact are illegal, the Tribe
has no legitimate interest in them and thus no status in this suit under Rule 24(a) or Rule 19 of the
Federal Rules of Civil Procedure.  This puts the cart before the horse.  Briefing on the Tribe's
Motions is not the appropriate procedural mechanism for addressing such merits arguments, which
the Tribe has not and cannot brief under its Motion for Limited Intervention.  Plaintiffs also
repeatedly argue for the Court to consider factors outside of Rule 24(a) and Rule 19.

The Tribe in its Motion for Limited Intervention established that it met every factor of the Rule 24(a) test for intervention as of right and in its Motion to Dismiss established that the factors of Rule 19 weighed in favor of the Tribe's status as a necessary and indispensable party.  As discussed further below, the Tribe made its arguments based on case law from the D.C. Circuit and elsewhere involving suits against the Department of the Interior (Department) or its Secretary challenging the approval of Class III gaming compacts under the Indian Gaming Regulatory Act (IGRA).  Plaintiffs' Response ignores established D.C. Circuit case law and the decision in *PPI, Inc. v. Kempthorne*, No. 08-cv-248-SPM, 2008 WL 2705431 (N.D. Fla. July 8, 2008), finding that the Tribe could intervene and was a necessary and indispensable party in very similar circumstances.

The Tribe respectfully asks this Court to apply the relevant case law and well-established doctrines to find that it has a right to intervene in this case pursuant to Rule 24(a) and further that it is a necessary and indispensable party under Rule 19.

## I.     Plaintiffs Repeatedly Make Arguments Not Relevant to an Analysis Under Rule 24(a) or Rule 19

Plaintiffs pepper their Response with inappropriate arguments that are not relevant to whether the Tribe has a right to intervene under Rule 24(a) or is necessary or indispensable under Rule 19.

First, Plaintiffs repeatedly discuss their underlying merits argument that the 2021 Compact is unlawful.  *See, e.g.*, ECF 22 at 25–28, 33, 46, 50–51.  Yet, they also admit that such merits arguments are not appropriate at this stage of briefing.  ECF 22 at 25.  Indeed, merits arguments play no role in the required analysis under Rule 24(a) or Rule 19.  Plaintiffs attempt to paper over this issue by claiming that the position of the Tribe is "frivolous" on the merits and the Tribe's arguments should be examined as part of a Rule 19 analysis by this Court.  *See, e.g.*,

ECF 22 at 25.  The Department disagrees that the arguments supporting the legality of the 2021 Compact's online sports betting provisions are frivolous.  *See* ECF 1-6.  In fact, three sovereign entities—the Tribe, the State of Florida, and the Department—have concluded that the 2021 Compact's provisions related to online sports betting are lawful under IGRA.  Their legal position is clearly not frivolous.  In any event, this Court should not consider Plaintiffs' merits arguments for purposes of this procedural motion.

Second, Plaintiffs claim throughout their Response that the Tribe made assurances both within the 2021 Compact and separately to the State legislature that the online sports betting provisions would be litigated in court.  *See, e.g.*, ECF 22 at 16, 17, 24, 44–45, 49–50.  Plaintiffs misconstrue the Tribe's statements and the Tribe's current actions.  While the Tribe and the State agreed in the 2021 Compact to "defend the validity of the Compact," as Plaintiffs claim, ECF 22 at 25 (quoting ECF 1-1 at Part XIV, Sec. F), neither party promised to forgo available procedural defenses if the 2021 Compact were challenged by a third party.  Similarly, statements made by tribal representatives to the State legislature that Plaintiffs note, ECF 22 at 16 (quoting statement of Jim Allen, Chairman of Hard Rock Casino), only communicated the point that the Tribe was prepared for someone to challenge the online sports betting provisions.  Indeed, Mr. Allen said the outcome of such a case could "depend, number one who files the lawsuit and what the context of the lawsuit is"—a clear indication that the Tribe would make procedural arguments in defense of any such suit.  ECF 22 at 17 (quoting statement of Jim Allen, Chairman of Hard Rock Casino).  The Tribe never said it would not defend the 2021 Compact with every defense available, including using procedural arguments and including asserting its sovereign immunity.

Third, throughout Plaintiffs' Response, they seek to diminish the Tribe's interests and status in the case on the grounds that the case presents legal rather than factual issues.  *See, e.g.*,

3

ECF 22 at 38, 39, 43, 44 n.26, 46.  That this case deals largely with questions of law in no way diminishes the Tribe's interests in this litigation for purposes of Rule 24(a) or Rule 19.

The Tribe thus declines in this Reply to address Plaintiffs' arguments regarding merits, the Tribe's alleged assurances, or framing the case as a "purely legal" one, as all concern matters outside the scope of an analysis under Rule 24(a) or Rule 19.

## II.     Plaintiffs Provide No Reasoned Basis Why the Decision in *PPI, Inc.* Should Not Be Followed in This Case

Plaintiffs in their Response dismiss the decision in *PPI, Inc.*, ECF 22 at 31, a previous case against the Department challenging the Tribe's 2007 compact where the United States District Court for the Northern District of Florida found the Tribe's interests were sufficient and the Department's representation inadequate such that the Tribe was a necessary and indispensable party under Rule 19.  *PPI, Inc.*, 2008 WL 2705431 (denying preliminary injunction motion in part for failure to demonstrate substantial likelihood of success).  Plaintiffs point to no material differences between the facts of this case and the facts of *PPI, Inc.*, they provide no adequate reason why the Court should not follow the same reasoning used in that case, and they fail to demonstrate that the case was wrongly decided.  They simply do not like the case.

As in *PPI, Inc.*, Plaintiffs in this case operate pari-mutuel facilities in the State and seek to challenge Class III games authorized by an IGRA compact between the State and the Tribe, and they ask the Court to declare provisions in the Compact unlawful.  In *PPI, Inc.*, the Tribe filed a motion for limited intervention under Rule 24 and moved to dismiss the case pursuant to Rule 19—just like the Tribe's Motions filed in this case.  Defendants will not adequately represent the Tribe's interests in this case, just as they did not in the *PPI, Inc.* case.  The court's

reasoning in *PPI, Inc.* counsels the same result in this case, and the fact that it was not reported does not diminish the persuasiveness of its reasoning.

In addition to the *PPI, Inc.* case, other relevant case law from the D.C. Circuit and elsewhere, discussed below, also counsels the Tribe's intervention and dismissal of the case.

### III.   The Tribe Is Entitled to Intervene Under Rule 24(a)

Plaintiffs note that they do not object to the Court's consideration of the Tribe's Rule 19 arguments—regardless of the Tribe's intervention in this case.  ECF 22 at 18–19.  For this reason, the Court should consider the Tribe's Rule 19 arguments and dismiss the case on those grounds.  Still, as the Tribe has a right to intervene in this case pursuant to Rule 24(a), we will address Plaintiffs arguments with regard to intervention.

#### A. The Tribe's Motion for Limited Intervention Is Appropriate

In arguing that limited intervention for purposes of raising Rule 19 arguments is not an available procedural action, Plaintiffs attempt to relitigate issues already decided by this Court in another case.  ECF 22 at 20.

This Court in *MGM Global Resorts Development, LLC v. U.S. Department of the Interior* recently examined and rejected this argument in the context of an IGRA compact challenge.  No. 19-2377 (RC), 2020 WL 5545496, at *1 (D.D.C. Sept. 16, 2020) (permitting limited intervention and not ultimately ruling on Rule 19 arguments).  Like Plaintiffs here, the plaintiffs in *MGM* argued that the tribes were required to intervene as full parties or not at all.  *Id.* at *5–6.  This Court allowed the tribes to intervene on a limited basis for the purpose of filing their Rule 19 motion to dismiss, preserving their sovereign immunity from suit while doing so.  *Id.* at *6.

In addition to *MGM*, there is a rich body of case law allowing such limited intervention so that tribal parties may make Rule 19 arguments while protecting their sovereign immunity.

*See, e.g.*, *Diné Citizens Against Ruining Our Env't v. Bureau of Indian Affs.*, 932 F.3d 843, 847–48 (9th Cir. 2019) (affirming decision to grant limited-intervenor tribal corporation's motion to dismiss for failure to join indispensable party that could not be joined due to sovereign immunity), *cert. denied*, 141 S. Ct. 161 (2020); *Klamath Irrigation Dist. v. U.S. Bureau of Reclamation*, 489 F. Supp. 3d 1168, 1181–82 (D. Or. 2020) (granting limited-intervenor tribes' motions to dismiss for failure to join indispensable parties that could not be joined due to sovereign immunity), *appeal docketed*, No. 20-36009 (9th Cir. Nov. 19, 2020); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1000 (W.D. Wis. 2004) (finding tribe retained its sovereign immunity where intervention was limited to sole purpose of filing motion to dismiss for failure to join indispensable party), *aff'd on other grounds*, 422 F.3d 490 (7th Cir. 2005).  Similarly, the court in *PPI, Inc.* found the Tribe's motion for limited intervention there did not waive its sovereign immunity.  *See* 2008 WL 2705431, at *3.

Plaintiffs note *MGM* and other cases permitting limited intervention, *see* ECF 22 at 22–23, but they assert that those courts did not convincingly discuss the procedure.  Again, Plaintiffs may not like limited intervention, but it is well-established.

### B.  The Tribe Has Identified Multiple Interests that Confer Article III Standing and Satisfy Rule 24(a)

Plaintiffs attempt to frame sovereign immunity as the single interest claimed by the Tribe to support its Article III standing and right to intervene under Rule 24(a).  ECF 22 at 24.  This is not true.  While protecting its sovereign immunity is important to the Tribe, the Tribe in its Motion for Limited Intervention listed several other critically important interests at stake sufficient to establish Article III standing and an interest in the subject matter of this litigation for purposes of Rule 24(a).  ECF 13 at 13–14, 15.  One such interest is in the potential loss of a very substantial

economic opportunity for the Tribe if Plaintiffs receive the relief they seek. ECF 13 at 13–14, 15, 16. The Tribe also asserted a sovereign interest in not having its legal rights determined in its absence. ECF 13 at 13–14, 15. The Tribe further explained that, as a party to the 2021 Compact, it "would be adversely affected by a determination of this action favorable to Plaintiffs—where such a determination would undermine an agreement the Tribe and the State negotiated as sovereign entities." ECF 13 at 16.

As this Court found in *Amador County v. Jewell*, a tribe has a legally cognizable injury where an adverse judgment would vacate the Department's approval of its IGRA compact and prevent the tribe from engaging in Class III gaming activities authorized thereunder. 312 F.R.D. 11, 14 (D.D.C. 2013) (ultimately finding tribe's motion for limited intervention untimely but discussing important interests at stake sufficient to establish Article III standing), *aff'd sub nom. Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901 (D.C. Cir. 2014). This Court also noted that the tribe's sovereign interest in not having its rights adjudicated in its absence was a "significant factor" in the Rule 24 analysis. *Id.* at 15 n.6.[1] It is these very same interests the Tribe alleged in its Motion for Limited Intervention.

As part of its Rule 24(a) arguments, the Tribe only raised its interest in asserting sovereign immunity in the context of the Department's inability to adequately represent the Tribe's interests, ECF 13 at 19, and then only because of this Court's *MGM* decision, which noted that the Department there did not share the tribes' interest in asserting and protecting their sovereign

---

[1] As Plaintiffs raised, ECF 22 at 24, the concurring opinion in the D.C. Circuit decision asserted that tribal sovereign immunity *alone* is not a sufficient interest under Rule 24(a). *Amador Cnty. v. U.S. Dep't of the Interior*, 772 F.3d 901, 906 (D.C. Cir. 2014) (Randolph, J., concurring). However, the Tribe here did not cite sovereign immunity alone. *See also MGM*, 2020 WL 5545496, at *6 (discussing same concurrence and noting "[a] Circuit concurrence is not binding on this Court, nor are any of the cases to which Judge Randolph cites in his").

immunity, 2020 WL 5545496, at *5.

**C. The Secretary and Department Will Not Adequately Represent the Tribe's Interests**

Plaintiffs assert the Department and Secretary will adequately represent the Tribe's interests in this case for purposes of Rule 24(a).  ECF 22 at 28.  This assertion is incorrect. Plaintiffs knew that they could not sue the Tribe—the entity which is in fact implementing the 2021 Compact and is authorized to conduct online sports betting.  In bringing this case against the Department instead, Plaintiffs sought to make an end run around the Tribe's sovereign immunity. This case is not about the Department's conduct; it is about stopping the Tribe's operation of online sports betting.  The Department cannot adequately represent the Tribe's unique interests in operating and deriving revenue from the online sports betting covered by the 2021 Compact to which the Tribe is a contracting party.

**1. Plaintiffs Have Met the Low Threshold for Demonstrating Inadequacy of Representation for Purposes of Rule 24(a), and Courts in the D.C. Circuit Are Skeptical of Federal Agencies' Ability to Represent Intervenors for Purposes of Rule 24(a)**

The burden for establishing insufficient representation under Rule 24(a) is low, *Trbovich v. United Mine Workers*, 404 U.S. 528, 538 n.10 (1972) (citing 3B J. Moore, Federal Practice 24.09-1 (4) (1969)), and mere "general alignment" of interests is not sufficient to establish adequacy of representation, *Crossroads Grassroots Pol'y Strategies v. Fed. Election Comm'n*, 788 F.3d 312, 321 (D.C. Cir. 2015).  Although not acknowledging it in their Rule 24(a) discussion, Plaintiffs acknowledge this minimal burden elsewhere in their Response.  *See* ECF 22 at 35.

Additionally, Plaintiffs' argument glosses over case law in the D.C. Circuit expressing skepticism about federal agencies' ability to adequately represent the interests of attempted intervenors for purposes of Rule 24(a).  *See 100Reporters LLC v. U.S. Dep't of Just.*, 307 F.R.D.

269, 279 (D.D.C. 2014); *Crossroads Grassroots Pol'y Strategies*, 788 F.3d at 321 ("[W]e look skeptically on government entities serving as adequate advocates for private parties.").

This Court has noted this skepticism specifically in its case law examining whether tribes may intervene alongside the Department in IGRA compact litigation.  For example, in *Forest County Potawatomi Community v. United States*, this Court noted that "[t]he federal government . . . represents the public interest of its citizens as a whole, and would be 'shirking its duty were it to advance [a] narrower interest at the expense of its representation of the general public interest.'" 317 F.R.D. 6, 15 (D.D.C. 2016) (quoting *Fund for Animals, Inc. v. Norton*, 322 F.3d 728, 737 (D.C. Cir. 2003)).  In *MGM*, this Court similarly said that "[e]ven in cases . . . where the intervenor and the government may agree in broad terms on a legal position or course of action, the D.C. Circuit nonetheless 'often [has] concluded that governmental entities do not adequately represent the interests of aspiring intervenors.'"  2020 WL 5545496, at *5 (quoting *Fund for Animals, Inc.*, 322 F.3d at 736).

Plaintiffs wrongfully claim that courts in the D.C. Circuit have created a heightened burden for intervenors when the government is a defendant.  ECF 22 at 28.  This is not so, as evidenced by Plaintiffs' citation to only a single older case from the D.C. Circuit, which noted that the D.C. Circuit has not adopted the "special circumstances" test, under which a public interest group is typically found to be adequately represented when asserting the same public interest as the governmental party.  *Sweet Home Chapter of Cmtys. for a Great Or. v. Lujan*, No. 91-1468, 1991 WL 277331, at *2–3 (D.D.C. Dec. 10, 1991) (denying environmental groups' intervention in action against Department challenging implementation of Endangered Species Act).  The Department's representation of the Tribe for purposes of Rule 24(a) should be viewed under the D.C. Circuit's more recent case law, including its cases dealing with IGRA compacts.

The Tribe has met the low burden to show inadequate representation for purposes of Rule 24(a).  The Tribe demonstrated in its Motion for Limited Intervention that neither the Secretary nor the Department has an economic incentive to defend the 2021 Compact or its online sports betting provisions commensurate with the Tribe's, and only the Tribe can represent its own interests as a sovereign entity that negotiated and entered into the 2021 Compact with the State, as well as its interests in asserting its own sovereign immunity from suit.  ECF 13 at 19.  The Department's inability to represent these same interests led to this Court's finding that tribes could intervene under Rule 24(a) in other IGRA compact cases.  *See MGM*, 2020 WL 5545496, at *5 (noting Department did not share tribes' interest in casino or in asserting and protecting sovereign immunity); *Forest Cnty.*, 317 F.R.D. at 15 (noting intervening tribal entities were "concerned with preserving their own rights and opportunities, including their specific economic development goals, both under the IGRA and in their capacities as sovereign entities").

Plaintiffs discount this Court's *MGM* decision, claiming the *MGM* plaintiffs did not adequately brief opposition to the Rule 24(a) factors, *see* ECF 22 at 30, but the *MGM* Court's reasoning holds and applies to this case.  And the tribes' intentions to litigate as full parties in *Forest County* rather than assert Rule 19 arguments did not change the Court's Rule 24(a) analysis, as Plaintiffs would have this Court believe.  *See* ECF 22 at 31.

Plaintiffs cite a string of other cases that they claim stand for the proposition that the Department can adequately represent the interests of the Tribe sufficient to bar the Tribe from intervening under Rule 24(a).  ECF 22 at 28–29.  They focus on *Humane Society of the U.S. v. Clark*, 109 F.R.D. 518 (D.D.C. 1985), a case not dealing with tribes, gaming, or contracting parties.  That case dealt with a challenge to federal regulations, where the federal government *itself* promulgated such regulations.  *Id.* at 519–20.  The instant case deals with a contractual agreement

between two non-federal parties.  Accordingly, the federal defendants here may have less of an incentive to defend their actions than the federal defendants in *Humane Society* had.  And, even if *Humane Society* were to provide adequate analogy, Plaintiffs conveniently omit this Court's finding that, despite the minimal burden, "movants ha[d] failed to make any showing whatsoever that any difference exists between their interest and that of the government in seeing the challenged actions upheld."  *Id.* at 520.  Even so, this Court still granted permissive intervention to a movant organization because "the court also deem[ed] it appropriate that [their] interests . . . be directly represented."  *Id.* at 521.

### 2.   The Tribe Is Not Required to Show How Its Litigation Position and the Department's Litigation Position Differ

Plaintiffs claim the Tribe was required to explain why and how the Department's position would be inadequate to defend the Tribe's interests.  ECF 22 at 30; *see also* ECF 22 at 46 (urging Tribe to "identify[] legal issues that are purportedly at risk of being inadequately briefed" by Department).  Plaintiffs similarly assert the mere fact the Department plans to oppose Plaintiffs' Motion for Summary Judgment means the Department will adequately represent the Tribe's interests.  ECF 22 at 38.

But, the truth is, the Tribe does not know how the Department, represented by the Department of Justice, will argue this case—including how it will argue the merits.  The Tribe cannot be sure the Department will make merits arguments that are consistent with those the Tribe would make.  Further, the Department has not made Rule 19 arguments on behalf of the Tribe, and thus it is clear that the Tribe must intervene to assert its sovereign immunity rights if they are to be vindicated.[2]

---

[2] Plaintiffs claim the federal government's trust obligations to tribes demonstrates that the Tribe's interests will be adequately represented.  ECF 22 at 36.  Yet, the cases are legion which

### 3. The *Forest County* Case Is a Good Example of the Department's Failure to Adequately Represent a Tribe's Interests in Defending an IGRA Compact Decision

As discussed above, in *Forest County*, this Court granted the Menominee Tribe's motion to intervene as a party defendant in an Administrative Procedure Act (APA) action brought by the Forest County Potawatomi Community challenging the Department's disapproval of a gaming compact on the grounds that it violated IGRA.  317 F.R.D. at 14.  Among other things, this Court rejected the argument that the Menominee Tribe's interests would be adequately represented by the federal defendants because the movant advanced the same ultimate legal objective as the federal defendants, which was to uphold the compact disapproval.  *Id.*

Later litigation in this same case proved that, in fact, the federal defendants did *not* adequately represent the Menominee Tribe's interests.  First, the administrative record produced by the Department was both over- and under-inclusive, leading to months of negotiation between the Menominee Tribe and Department and eventually to litigation to correct the problems.[3]  The Department also proposed to include in the record two financial reports requested by the plaintiff tribe that had not factored into the Department's decision, necessitating a motion by the Menominee Tribe to exclude them, which the Court granted.  *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174, 183 (D.D.C. 2017).  Second, the Department's arguments on the merits were also inadequate.  The Department agreed with the plaintiff tribe that the IGRA

---

hold that the federal government has failed to live up to its trust obligations to tribes.  *See, e.g.*, *Cobell v. Norton* (*Cobell VI*), 240 F.3d 1081, 1106–07 (D.C. Cir. 2001).

[3] *See* Joint Motion to Revise Scheduling Order, *Forest Cnty. Potawatomi Cmty. v. United States*, 270 F. Supp. 3d 174 (D.D.C. 2017) (No. 15-105), ECF No. 45 [hereinafter *FCPC*]; Opposition of Menominee Indian Tribe of Wisconsin and Menominee Indian Gaming Authority to Plaintiff's Motion for Extension of Time to File AR Motions, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 56;  Exhibit 27 to Declaration of Michael Roy, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 62-29; Supplemental Certification of Administrative Record, *FCPC*, 270 F. Supp. 3d 174 (No. 15-105), ECF No. 78-1 (adding agreed-upon documents).

provision at issue was unambiguous, and that the Secretary's construction of it was therefore not entitled to *Chevron* deference. *Forest Cnty. Potawatomi Cmty. v. United States*, 330 F. Supp. 3d 269, 279 (D.D.C. 2018). However, the Court ultimately agreed with the Menominee Tribe's position that the provision was ambiguous, and that the Secretary's construction of it *was* entitled to *Chevron* deference. *Id.*

The federal defendants and the Menominee Tribe, therefore, prevailed in the litigation largely because of arguments made by the Menominee Tribe.

### 4. Plaintiffs' Assertions that Contracting Parties Do Not Have an Interest in Defending Their Contracts in Federal Agency APA Cases Is Incorrect

Plaintiffs claim that, because this case is styled as an APA case against the Department, the Tribe does not have an interest in protecting its contractual rights under the 2021 Compact. ECF 22 at 32, 40–41.

The Tribe's right to intervene in the case as a contracting party is but one interest the Tribe asserted in the case for purposes of Rule 24(a), in addition to the other interests that the Department could not adequately represent. ECF 13 at 19. It is also but one interest the Tribe claimed to support its status under Rule 19. ECF 13-4 at 7.

Courts in the D.C. Circuit and elsewhere have recognized parties' contractual interests in IGRA compacts. *See, e.g.*, *Kickapoo Tribe of Indians of the Kickapoo Rsrv. in Kan. v. Babbitt*, 43 F.3d 1491, 1500 (D.C. Cir. 1995) ("Kansas' indispensability as a party in the Tribe's lawsuit is hardly a formality; not only its contractual rights are at issue but its fiscal interests are also potentially at stake."); *id.* at 1495 ("Kansas is a necessary party under Rule 19(a)" because "[c]learly, . . . the State of Kansas has an interest in the validity of a compact to which it is a party, and this interest would be directly affected by the relief that the Tribe seeks."); *see also Lac Du*

*Flambeau Band*, 327 F. Supp. 2d at 1000 ("[C]ourts require that the parties to a contract be joined in any suit brought upon that contract.").  The court in *PPI, Inc.* similarly found the Tribe's status as a contracting party relevant to its determination that the Department would not adequately represent its interests.  *See* 2008 WL 2705431, at *3.  Further, courts in the D.C. Circuit have held that a party to an IGRA compact challenged in an APA claim has a right to intervene under Rule 24, as evidenced by the *Forest County* case, discussed above.

Plaintiffs claim that this Court in *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360, 391 (D.D.C. 2017), allowed the case to go forward without the required parties based on a finding that the parties were not necessary due to the "purely legal" questions involved.  ECF 22 at 31–32; *see also* ECF at 40–41.  Plaintiffs' emphasis on *Eco Tour* is misplaced, and Plaintiffs misconstrue the case.  First, the Tribe only cited the case in its Motion for Limited Intervention and Motion to Dismiss for the general assertion that parties to contracts are generally permitted to join cases to protect their contracts.  ECF 13 at 18; ECF 13-4 at 7.  *Eco Tour* did not involve an IGRA compact challenge,[4] but instead involved a challenge to proposals for concession contracts where the United States Court of Federal Claims had already held the proposals were improperly considered and that the National Park Service was required to reject them under the governing statute and regulations.  249 F. Supp. 3d at 363, 377.  Neither the incumbent concessioners nor the parties moved to join the former to the suit, but the Court independently raised a Rule 19 issue.  *Id.* at 390.  The Court in *Eco Tour* found that it was "unable properly to fashion equitable relief" and directed the parties to file supplemental briefing on whether the contracting parties "should be joined as parties" under Rule 19.  *Id.* at 393.  After the supplemental briefing, the parties entered

---

[4] Plaintiffs admit that "*Eco Tour* . . . did not involve Native American tribes," ECF No. 22 at 32, and therefore is not analogous to the present case in which the Tribe possesses sovereign interests.

into a stipulation of settlement and order of dismissal of the case.  *See* Stipulation of Settlement and Order of Dismissal, *Eco Tour*, 249 F. Supp. 3d 360 (No. 14-2178), ECF No. 43.  This case did not disregard contracting parties' interests.

In *Pueblo de Sandia v. Babbitt*—cited by Plaintiffs in an attempt to show that compacting parties do not have a right to intervene in actions challenging their IGRA compacts, ECF 22 at 32—this Court found that the state was a necessary and indispensable party under Rule 19 in a suit against the Department challenging its IGRA compact.  47 F. Supp. 2d 49, 52 (D.D.C. 1999).  The Court said that the state's status as a contracting party *alone* did not mandate a finding of sufficient prejudice for purposes of Rule 19(b), but it found sufficient prejudice when also examining the state's other interests, including its economic and sovereign immunity interests.  *Id.* at 53–54.  In *Citizens Against Casino Gambling in Erie County v. Kempthorne*—also cited by Plaintiffs for their no-contract-interests argument, ECF 22 at 32—the court found that the tribe was not a necessary party to a suit against the Department and the National Indian Gaming Commission challenging decisions that authorized the tribe to construct a new gaming facility.  471 F. Supp. 2d 295, 314–17 (W.D.N.Y. 2007), *amended in part on reconsideration*, No. 06-CV-0001S, 2007 WL 1200473 (W.D.N.Y. Apr. 20, 2007) (clarifying that Quiet Title Act was not applicable to case).  The court noted the many cases acknowledging that IGRA compacting parties are necessary in an action challenging the compact's validity or interpretation, *id.* at 314 n.12, but it found that the tribe was not a necessary party because "this action does not question the validity of or seek to nullify the Compact," *id.* at 316.

The D.C. Circuit and other courts have allowed contracting parties to join cases implicating their contract rights, including APA cases against federal agencies and including IGRA compacting cases.

**IV.    The Tribe's Motion to Dismiss Should be Granted Based on Rule 19**

> **A.  The Tribe Is a Necessary and Indispensable Party Under Rule 19(a) Despite the Department's Inclusion in the Case**

Plaintiffs again claim the Department's defense of its deemed approval of the 2021 Compact affects the Tribe's rights and status in this case, arguing this time that the Tribe is not a necessary party under Rule 19(a) or an indispensable party under Rule 19(b) because of this alleged representation.  ECF 22 at 35, 43, 47–48.  They claim the Tribe has not presented a reason to doubt the Department's ability or inclination to provide adequate representation.  ECF 22 at 35.

This is not so.  As demonstrated in Part III.C above, the Department will not adequately represent the Tribe's interests in this case.  And the Tribe showed in its Motion to Dismiss that, for purposes of Rule 19, only the Tribe can adequately represent its own interests as a sovereign entity that negotiated and entered into the 2021 Compact with the State, where the 2021 Compact is projected to provide the Tribe significant profit.  ECF 13-4 at 7–8.

Further, in the context of Rule 19, courts have determined that tribes are necessary and indispensable parties in litigation against the Department challenging the Department's IGRA compact decisions.  *PPI, Inc.*, 2008 WL 2705431, at *3–4; *Friends of Amador Cnty. v. Salazar*, 554 F. App'x 562, 564 (9th Cir. 2014) (granting tribe's Rule 19 motion to dismiss); *see also Lac Du Flambeau Band*, 327 F. Supp. 2d at 1000 (same).  Even outside the context of IGRA compacts, in the context of Rule 19, courts have found that the Department does not adequately represent tribes' interests in gaming litigation.  *See, e.g.*, *Jamul Action Comm. v. Simermeyer*, 974 F.3d 984, 997–98 (9th Cir. 2020) (finding Department could not adequately represent tribe's "protected interest in the trust status of its land and in its status as a federally recognized tribe" in IGRA suit), *cert. denied*, 2021 WL 4507698 (2021); *Enter. Mgmt. Consultants, Inc. v. United*

*States ex rel. Hodel*, 883 F.2d 890, 894 (10th Cir. 1989) ("[T]he Tribe's interest here in its sovereign right not to have its legal duties judicially determined without consent is an interest which the United States' presence in this suit cannot protect.").

Plaintiffs cite cases in which courts found the Department adequately represented tribes' interests in particular circumstances.  ECF 22 at 37–38.  Plaintiffs rely heavily on *Sac & Fox Nation of Missouri v. Norton*, ECF 22 at 37, where a court found a tribe was not a necessary party under Rule 19 because the Department adequately represented the tribe's interest in a suit challenging the Department's decision to acquire land into trust for gaming purposes for the tribe.  240 F.3d 1250, 1259–60 (10th Cir. 2001).  However, the court repeatedly noted that it was examining only the propriety of the Secretary's determinations related to acquisition of the land for the tribe, *id.* at 1258, 1260, which is a very different circumstance from a challenge to the 2021 Compact to which the Tribe is a party.  Plaintiffs also rely on *Citizens Against Casino Gambling in Erie County*, ECF 22 at 37, discussed above, and again this case dealt with a challenge to a new gaming facility rather than to an IGRA compact.  471 F. Supp. 2d 295.

Inquiries of adequate representation for purposes of Rule 19 are fact specific, *Kickapoo Tribe of Indians*, 43 F.3d at 1495, as Plaintiffs point out, ECF 22 at 35.  While Plaintiffs provide some cases in which courts found the Department adequately represented a tribe under the facts of the case, the above cited cases demonstrate that multiple courts have found the Department does not adequately represent tribes' interests for purposes of Rule 19 when the Department defends an IGRA compact decision or other tribal gaming rights.

### B.  The Tribe's Sovereign Immunity Has Not Been Waived and Thus the Tribe Cannot Be Joined

Plaintiffs claim the Tribe's Motion for Limited Intervention amounted to a waiver of its sovereign immunity—thereby permitting the Tribe's joinder.  ECF 22 at 42; *see also* ECF 22 at

49.  This is not so.  As discussed in Part III.A above, there is a long line of cases allowing tribes to intervene for the limited purpose of making a Rule 19 argument while preserving their sovereign immunity.  Plaintiffs cite *Wichita & Affiliated Tribes of Oklahoma v. Hodel* for the assertion that limited intervention amounts to waiver, ECF 22 at 20, 42, but those tribes did not seek limited intervention.  788 F.2d 765, 772–73 (D.C. Cir. 1986).  The court also held that tribes subject to a cross claim in the litigation did not waive their sovereign immunity, and the cross claim should have been dismissed due to their status as necessary and indispensable parties.  *Id.* at 773–78.

Plaintiffs make claims that the Court under the *Ex parte Young* doctrine could join the tribal officials who are responsible for enforcement of the 2021 Compact.  ECF 22 at 42, 47.  But this is not a case brought against tribal officials for prospective relief to prevent ongoing violations of federal law.  Thus, the *Ex parte Young* doctrine and its application to the Tribe's officials in other circumstances has nothing to do with this case.

Plaintiffs make similar arguments that sovereign immunity does not prevent prosecution for the Tribe's alleged violations of state and federal criminal laws.  ECF 22 at 51.  Again, this is not a criminal case, nor is it brought by the State or federal government.  In fact, all relevant State and federal officials strongly support the challenged 2021 Compact and support the Tribe's compact rights.

As the Tribe noted in its Motion for Limited Intervention and Motion to Dismiss, ECF 13 at 1 n.1; ECF 13-4 at 1 n.1, the only manner in which the Tribe may lawfully waive its immunity is by resolution duly enacted by the Tribal Council of the Seminole Tribe of Florida sitting in legal session.  *See* ECF 13-1; ECF 13-2; ECF 13-5; ECF 13-6.  No such resolution has been adopted by the Tribal Council for this case.

18

### C. The Tribe Is an Indispensable Party Under Rule 19(b)

#### 1. The Tribe's Sovereign Immunity Must Receive Significant Weight

Plaintiffs claim the Tribe asserts that its sovereign immunity trumps all other interests in the Rule 19(b) analysis. ECF 22 at 40. This is not true. The Tribe properly conducted the full Rule 19(b) factor test in its Motion to Dismiss. ECF 13-4 at 10–15. However, the Tribe rightly noted that, in the D.C. Circuit, this inquiry is more circumscribed when a necessary party has sovereign immunity. ECF 13-4 at 11 (citing *Pueblo of Sandia*, 47 F. Supp. 2d at 52; *Kickapoo Tribe of Indians*, 43 F.3d at 1496). Thus, when applying the four-factor test, this Court must first and foremost specifically consider and recognize the Tribe's compelling and overriding interest in protecting its sovereign immunity. ECF 13-4 at 11. Plaintiffs ignore this controlling D.C. Circuit precedent.

As the Tribe noted, ECF 13-4 at 15, many courts have acknowledged that dismissal under Rule 19 even when plaintiffs lack an alternative remedy "is a common consequence of sovereign immunity, and [the tribe's] interest in maintaining [its] sovereign immunity outweighs the [plaintiffs'] interest in litigating their claims." *Friends of Amador Cnty.*, 554 F. App'x at 566 (quoting *Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1025 (9th Cir. 2002)); *see also Lac Du Flambeau Band*, 327 F. Supp. 2d at 1001 ("The principle of sovereign immunity overrides plaintiffs' interests in suing."); *Dewberry*, 406 F. Supp. 2d at 1148; *Pit River Home & Agric. Coop. Ass'n v. United States*, 30 F.3d 1088, 1102–03 (9th Cir. 1994); *Confederated Tribes of the Chehalis Rsrv. v. Lujan*, 928 F.2d 1496, 1500 (9th Cir. 1991).

#### 2. Plaintiffs Ask the Court to Consider Factors Not Relevant Under Rule 19(b)

Plaintiffs claim factors outside those listed under Rule 19(b) should be considered when the Court determines whether the Tribe is an indispensable party. ECF 22 at 42, 49–51. But

Plaintiffs cite no D.C. Circuit case law considering such outside factors.  Instead, the Court

should examine the factors set forth in Rule 19(b).  *See Kickapoo Tribe of Indians*, 43 F.3d at

1500 (finding district court's "consideration of inappropriate factors" in allowing IGRA compact

suit to proceed without state was abuse of discretion because state "was both a necessary party

under Rule 19(a) and immune from suit, thereby cabining the district court's discretion to

consider factors under Rule 19(b)").

### 3.   Plaintiffs Rely Heavily on Inapposite Cases

Plaintiffs throughout their discussion of Rule 19(b) rely heavily on *Sac & Fox Nation*,

ECF 22 at 43 n.25, 44, 48–49, again a case that dealt with the Department's decision to acquire

land into trust for gaming purposes for a tribe rather than an IGRA compact.  240 F.3d at 1259–

60.  Plaintiffs similarly rely on *Kansas v. United States*, ECF 22 at 43 n.25, 48–49, but this case

is not an IGRA compact case.  249 F.3d 1213, 1226 (10th Cir. 2001).  The *Kansas* court also

noted: "Finally, and most importantly, the potential for prejudice to the Miami Tribe is largely

nonexistent due to the presence in this suit of not only . . . Federal Defendants, but also the tribal

officials . . . ."  *Id.* at 1227.

Instead, the Tribe in its Motion to Dismiss discussed a series of cases that examined Rule

19(b) in the context of litigation against the Department challenging IGRA compact decisions,

focusing on cases from the D.C. Circuit and the directly relevant *PPI, Inc.* case.  ECF 13-4 at 11.

It is to these cases the Court should look when determining whether the Tribe is an indispensable

party under Rule 19(b).

### 4.   Plaintiffs' Suggestions for Minimizing Prejudice to the Tribe Are Not Effective

Plaintiffs claim the Compact's severance provisions minimize the extent of prejudice

against the Tribe, where Plaintiffs seek "only to invalidate the approval of the online sports

gaming provisions." ECF 22 at 45.  This is not so.  First, this is not the relief Plaintiffs seek.

Instead, their Complaint requests the Department's deemed approval of the entire 2021 Compact

be struck.  ECF 1 ¶¶ 8–9.  Second, the Tribe's interests in the online sports betting provisions

alone are extremely important, as the Tribe stands to gain significant revenue from those

provisions.  That the parties agreed to a severance provision does not remove the Tribe's

important interests in its rights to conduct online sports betting under the 2021 Compact.

Plaintiffs also make claims regarding the Court's ability to design measures to protect

against prejudice, such as "appointing an attorney to advocate for the Tribe's position."  ECF 22

at 45.  This is absurd.  None of the measures Plaintiffs set forth would remove the prejudice

against the Tribe.

### 5.  The Public Rights Exception Does Not Apply Here

Plaintiffs urge the Court to deny the Tribe's Rule 19 Motion to Dismiss under the public

rights exception articulated in *National Licorice Co. v. NLRB*, 309 U.S. 350 (1940).  ECF 22 at

51–53.  But Plaintiffs mischaracterize this exception's applicability—and courts have held that

IGRA compact cases against the Department do not fall under its purview.

In *Kickapoo Tribe of Indians v. Babbitt*, the D.C. Circuit rejected the application of the

public rights exception in the context of an IGRA compact case, noting that the exception

generally only applies where "what is at stake are essentially issues of public concern and the

nature of the case would require joinder of a large number of persons."  43 F.3d at 1500 (quoting

*Sierra Club v. Watt*, 608 F. Supp. 305, 324 (E.D. Cal. 1985)).  The court held that the state was

an indispensable party to the tribe's suit against the Department and rejected the argument that

the public rights exception prevented dismissal.  *Id.*  Also relevant to the court's analysis was the

fact that the tribe had "not pointed to any analogous holding applying the public rights exception

in the face of an absent party's *immunity*." *Id.* (emphasis added).  In *American Greyhound Racing, Inc.*, the Ninth Circuit similarly declined to apply the public rights exception in a suit seeking to enjoin the state from entering into IGRA compacts, finding that the plaintiffs' goal was essentially "to avoid competitive harm to their own operations."  305 F.3d at 1026.  The court determined that "[t]he general subject of gaming may be of great public interest, but the rights in issue between the plaintiffs in this case, the tribes and the state are more private than public."  *Id.*

The cases Plaintiffs cite in support of application of the public rights exception are distinguishable because they involved "a matter of transcending importance" and required joining numerous parties—and the D.C. Circuit in *Kickapoo* itself distinguished some of these cases.  *See Nat'l Wildlife Fed'n v. Buford*, 676 F. Supp. 271, 276 (D.D.C. 1985) (applying exception to suit that involved sale of 170 million acres of public lands and would require joining holders of mining claims and mineral leases on those lands); *Swomley v. Watt*, 526 F. Supp. 1271, 1272–73 (D.D.C. 1981) (applying exception to taxpayer challenge to Secretary's use of public lands and funds to support religious purposes); *NRDC v. Berklund*, 458 F. Supp. 925, 933 (D.D.C. 1978) (applying exception to suit in which "at least 183 applicants for preference right coal leases" would be affected).  Unlike IGRA compact cases, these cases involved issues of broad public importance and required joining numerous parties.

## CONCLUSION

For the foregoing reasons, the Tribe respectfully requests the Court grant its Motion for Limited Intervention and Motion to Dismiss.

_/s/ Joseph H. Webster_
Joseph H. Webster (D.C. Bar No. 448458)
Kaitlyn E. Klass (D.C. Bar No. 1032219)
Elliott A. Milhollin (D.C. Bar No. 474322)
HOBBS STRAUS DEAN & WALKER, LLP
1899 L Street NW, Suite 1200
Washington, DC 20036
Telephone: (202) 822-8282
jwebster@hobbsstraus.com
kklass@hobbsstraus.com
emilhollin@hobbsstraus.com

_/s / Barry Richard_
Barry Richard (D.C. Bar No. 419850)
GREENBERG TRAURIG, P.A.
101 East College Avenue
Tallahassee, FL  32301
Telephone: (850) 222-6891
Facsimile: (850) 681-0207
richardb@gtlaw.com
greenel@gtlaw.com
flservice@gtlaw.com

Attorneys for Intervenor,
Seminole Tribe of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on October 8, 2021, I electronically filed the foregoing **Seminole Tribe of Florida's Reply Memorandum to Plaintiffs' Consolidated Memorandum in Opposition to Tribe's Motion For Limited Intervention and Motion to Dismiss** with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Joseph H. Webster*
Joseph H. Webster