**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

WEST FLAGLER ASSOCIATES, LTD., a
Florida Limited Partnership d/b/a MAGIC
CITY CASINO,

BONITA-FORT MYERS CORPORATION,
a Florida Corporation d/b/a BONITA
SPRINGS POKER ROOM,

       *Plaintiffs*,               Civil Action No.  1:21-cv-02192-DLF

v.

DEB HAALAND, in her official capacity as
SECRETARY OF THE UNITED STATES
DEPARTMENT OF THE INTERIOR,

UNITED STATES DEPARTMENT OF
THE INTERIOR,

       *Defendants*.

---

**SEMINOLE TRIBE OF FLORIDA'S REPLY MEMORANDUM TO FEDERAL DEFENDANTS' RESPONSE TO SEMINOLE TRIBE OF FLORIDA'S MOTION TO DISMISS**

Secretary Haaland and the Department of the Interior (collectively, Federal Defendants) find themselves in a difficult position with regard to the Tribe's Motion to Dismiss.[1]  Federal Defendants have a trust responsibility to tribes, and thus they view themselves as obligated to take the position that they will adequately represent the interests of the Tribe in this case.  They similarly assert they have committed to the litigation position that they are the only necessary and indispensable parties in an Administrative Procedure Act (APA) suit challenging final agency

---

[1] The Tribe agrees that the Court should first address Federal Defendants' Motion to Dismiss before turning to any other issues in this case, as that Motion establishes this Court lacks jurisdiction to hear this case.

action.  However, in taking these positions, they oppose a motion by the Tribe which would dispose of this case.  This very action demonstrates why Federal Defendants do not adequately represent the Tribe's interests in this case and that their interests are not fully aligned with those of the Tribe.

Federal Defendants argue: (1) the United States is the only necessary and indispensable party in suits involving APA challenges to final agency actions and will adequately represent the Tribe's interests in such an APA case; and (2) the public rights exception requires an APA case to proceed in the face of Rule 19 of the Federal Rules of Civil Procedure.  Both arguments are incorrect.

## I.   The United States Is Not the Only Necessary and Indispensable Party in APA Suits and Does Not Adequately Represent the Tribe's Interests in this APA Case

Federal Defendants state their "position is that tribal and state sovereign immunity and Rule 19 do not require dismissal of every suit where an absent tribe, tribal entity, or state claims an interest, and in particular does not require dismissal of an APA suit seeking judicial review of agency action (or inaction)."  ECF 34 at 9; *see also* ECF 34 at 4, 11.  But the Tribe does not take the position that Rule 19 requires the dismissal of every APA suit in which an absent tribe claims any interest.  The Tribe's position is that it is the unique circumstances of this case that warrant dismissal under Rule 19.  The fact that this is an APA case does not render Rule 19 inapplicable.  There is no carve out of Rule 19 for APA suits, including those in which tribes or states claim their sovereign immunity prevents joinder.

Indeed, many courts have dismissed APA claims due to tribes' or states' status under Rule 19.  *See, e.g.*, *Friends of Amador Cnty. v. Salazar*, 554 F. App'x 562, 564 (9th Cir. 2014); *PPI, Inc. v. Kempthorne*, No. 4:08cv248-SPM, 2008 WL 2705431, at *3–4 (N.D. Fla. July 8, 2008); *Lac Du Flambeau Band of Lake Superior Chippewa Indians v. Norton*, 327 F. Supp. 2d 995, 1001 (W.D. Wis. 2004), *aff'd on other grounds*, 422 F.3d 490 (7th Cir. 2005); *Timbisha Shoshone Tribe*

*v. U.S. Dep't of the Interior*, 290 F.R.D. 589, 600 (E.D. Cal. 2013), *appeal dismissed*, 824 F.3d 807 (9th Cir. 2016); *St. Pierre v. Norton*, 498 F. Supp. 2d 214, 219–22 (D.D.C. 2007).   The Department of the Interior (Department) itself has successfully argued in other cases that Rule 19 required dismissal because states were necessary and indispensable parties in APA Indian Gaming Regulatory Act (IGRA) compact litigation.   *Pueblo of Sandia v. Babbitt*, 47 F. Supp. 2d 49, 49 (D.D.C. 1999); *see also Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kan. v. Babbitt*, 43 F.3d 1491, 1493 (D.C. Cir. 1995).

Federal Defendants recognize there is adverse precedent on this point and cite APA cases holding that tribes or states were necessary and indispensable under Rule 19, but they fail to distinguish this precedent other than generally asserting without explanation that "these cases are distinguishable from the facts presented here."  ECF 34 at 11 n.2 (citing *Cherokee Nation of Okla. v. Babbitt*, 117 F.3d 1489, 1497 (D.C. Cir. 1997); *Kickapoo Tribe of Indians*, 43 F.3d at 1495; *Wichita & Affiliated Tribes of Okla. v. Hodel*, 788 F.2d 765, 775 (D.C. Cir. 1986)).

The cases Federal Defendants cite in support of their argument that APA claims are not subject to Rule 19 dismissal do not in fact stand for that assertion.  *See, e.g.*, ECF 34 at 9, 11.  For example, in *Ramah Navajo School Board, Inc. v. Babbitt*, 87 F.3d 1338 (D.C. Cir. 1996), *amended* (Aug. 6, 1996), the D.C. Circuit held nonparty tribes were not necessary and indispensable parties when their Indian Self-Determination and Education Assistance Act (ISDEAA) funding levels might be tangentially affected by the court's ruling on contract support costs associated with the ISDEAA contractual agreement of a separate tribe.  In the context of such limited interests, the court said, the federal defendants had no conflict and adequately represented the nonparty tribes because their "only potential interest in this case is in having the enjoined funds distributed according to the Secretary's Notice, under which each Tribe will receive its estimated *pro rata*

3

share amounting to less than $100." *Id.* at 1351.  In *Eco Tour Adventures, Inc. v. Zinke*, 249 F. Supp. 3d 360 (D.D.C. 2017), this Court found the interests of parties to contracts at issue in that case were "inextricably bound up" in the remedy the plaintiffs sought—invalidation of the contracts.  The court refused to rescind the contracts without supplemental briefing from the parties because "Rule 19 . . . may in fact mandate [the contracting parties'] joinder," *id.* at 391, and the parties settled the case before the Court ruled on the issue, Stipulation of Settlement and Order of Dismissal, *Eco Tour*, 249 F. Supp. 3d 360 (No. 14-2178), ECF No. 43.

Federal Defendants argue they "are positioned to defend the deemed approval on those issues that Federal Defendants think are properly before the Court and do so in a way that adequately represents the Tribe's interests in seeing the deemed approval upheld."  ECF 34 at 12–13.  But Federal Defendants do not adequately represent the Tribe, even if this case is limited to an APA claim in which the Court examines whether the 2021 Compact is facially consistent with IGRA, as Federal Defendants argue it should.

The Tribe, State of Florida, and Department are all in agreement that the 2021 Compact complies with IGRA and other relevant laws.  However, the Tribe does not know how the Department, represented by the Department of Justice, will argue this case—including how it will argue the merits if it is required to do so.  Neither the Tribe nor this Court can be sure the Department will make merits arguments that are consistent with and not contrary to those the Tribe would make.

Federal Defendants' position would carve out an exception to Rule 19 for tribes and states in all APA cases.  But there is no such carve out, and multiple courts have taken the position that tribes or states are necessary and indispensable parties in APA cases for which sovereign immunity prevents joinder under Rule 19.

## II.      The Public Rights Exception Does Not Eclipse Rule 19 Requirements in APA Cases

Federal Defendants argue that, "if the Court were to deem the non-parties required and proceed to Rule 19(b), the public's interest in ensuring the reviewability of federal action under the APA would weigh against dismissal." ECF 34 at 13.  They state "the Supreme Court has recognized an exception to traditional joinder rules '[i]n a proceeding . . . narrowly restricted to the protection and enforcement of public rights.'"  ECF 34 at 9 (quoting *Nat'l Licorice Co. v. NLRB*, 309 U.S. 350, 363 (1940)).   But there is no rule that the public rights exception automatically applies to APA cases.

The public rights exception generally only applies where "what is at stake are essentially issues of public concern and the nature of the case would require joinder of a large number of persons." *Kickapoo Tribe of Indians*, 43 F.3d at 1500 (quoting *Sierra Club v. Watt*, 608 F. Supp. 305, 324 (E.D. Cal. 1985)).

The cases Federal Defendants cite, *Nat'l Licorice Co. v. NLRB*, 309 U.S. 350 (1940), and *Conner v. Burford*, 848 F.2d 1441 (9th Cir. 1988), do not support their overbroad argument that suits under the APA automatically qualify under the public rights exception.  ECF 34 at 9–10.  The public rights exception applied in those cases because they dealt with issues of general public concern or would require joinder of a large number of persons—and they were not APA cases. *Nat'l Licorice Co.*, 309 U.S. at 366 (finding administrative proceeding did not require employees' joinder because "the National Labor Relations Act contemplates no more than the protection of the public rights which it creates and defines and the Board's order is directed solely to the employer" who participated in proceeding, leaving employees "free to assert such legal rights as they might have acquired under their contracts"); *Conner*, 848 F.2d at 1460 (rejecting joinder of oil and gas lessees because litigation "does not purport to adjudicate the rights of current lessees;

5

it merely seeks to enforce the public right to administrative compliance with the environmental protection standards of NEPA and the ESA"). Here, Plaintiffs seek to advance their own interests, and they do not establish that the public interest transcends their private interests.

Federal Defendants claim the APA was designed to allow plaintiffs to sue the federal government, stating "[t]he only question to be decided in APA litigation is whether an agency action will be sustained or held invalid; the APA does not authorize any relief against non-federal entities." ECF 34 at 10. However, even if courts found that APA cases did fall under the public rights exception or should otherwise be considered in the spirit of that doctrine, the doctrine does not apply to IGRA compact cases. *See, e.g.*, *Kickapoo Tribe of Indians*, 43 F.3d at 1500 (dismissing case under Rule 19 and rejecting public rights exception); *see also Am. Greyhound Racing, Inc. v. Hull*, 305 F.3d 1015, 1026 (9th Cir. 2002) (declining to apply public rights exception in suit seeking to enjoin state from entering into IGRA compacts, finding plaintiffs' goal was "to avoid competitive harm to their own operations").

In *Friends of Amador County v. Salazar*, an APA case challenging an IGRA compact, the court rejected the public rights exception and refused to reconsider its dismissal of the case under Rule 19 for failure to join the tribe. No. CIV. 2:10–348, 2011 WL 6141291, at *2 (E.D. Cal. Dec. 9, 2011) ("Plaintiffs do not argue that a large number of parties would need to be joined in this case in order to vindicate the public right, nor do they show that the public interest transcends that of the parties' interests. The litigation in this case does not incidentally affect the Tribe and its gaming, rather it is aimed directly at the gaming activities of the Tribe."). On appeal, the Ninth Circuit stated that the plaintiffs' "lawsuit seeks to extinguish the Tribe's substantial legal entitlements" and thus "precludes application of the public rights exception." *Friends of Amador Cnty.*, 554 Fed. App'x at 566.

**CONCLUSION**

For the foregoing reasons, the Tribe respectfully requests the Court grant its Motion to Dismiss.


/s/ Joseph H. Webster                                    /s / Barry Richard
Joseph H. Webster (D.C. Bar No. 448458)                  Barry Richard (D.C. Bar No. 419850)
Kaitlyn E. Klass (D.C. Bar No. 1032219)                  GREENBERG TRAURIG, P.A.
Elliott A. Milhollin (D.C. Bar No. 474322)               101 East College Avenue
HOBBS STRAUS DEAN & WALKER, LLP                          Tallahassee, FL  32301
1899 L Street NW, Suite 1200                             Telephone: (850) 222-6891
Washington, DC 20036                                     Facsimile: (850) 681-0207
Telephone: (202) 822-8282                                richardb@gtlaw.com
jwebster@hobbsstraus.com                                 greenel@gtlaw.com
kklass@hobbsstraus.com                                   flservice@gtlaw.com
emilhollin@hobbsstraus.com

                                                         Attorneys for Intervenor,
                                                         Seminole Tribe of Florida

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on November 1, 2021, I electronically filed the foregoing **Seminole Tribe of Florida's Reply Memorandum to Federal Defendants' Response to Seminole Tribe of Florida's Motion to Dismiss** with the Clerk of the Court of the U.S. District Court for the District of Columbia by using the Court's CM/ECF system.  All participants in this case are registered CM/ECF users and will be served by the CM/ECF system.

*/s/ Joseph H. Webster*

Joseph H. Webster