UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| WEST FLAGLER ASSOCIATES *et al.*,<br><br>　　　　*Plaintiffs*,<br><br>　　v.<br><br>DEB HAALAND,<br>Secretary, U.S. Department of the Interior,<br>*et al.*,<br><br>　　　　*Defendants*. | No. 21-cv-2192 (DLF) |

**ORDER**

The Indian Gaming Regulation Act (IGRA) requires the Secretary of the Interior to reject gaming compacts that violate its terms. *See Amador Cty. v. Salazar*, 640 F.3d 373, 381–83 (D.C. Cir. 2011). On November 22, 2021, this Court set aside the Secretary's approval of a compact that authorized the Seminole Tribe of Florida to offer online sports betting throughout the State of Florida. *See* Order of Nov. 22, 2021, Dkt. 42. In doing so, the Court rejected the argument that the Tribe was an indispensable party to the litigation. *See* Mem. Op. of Nov. 22, 2021, at 12–17, Dkt. 43. Before the Court is the Tribe's motion to stay the above decision pending appeal. Dkt. 46. For the following reasons, the Court will deny the motion.

A stay pending appeal is an "extraordinary remedy," *Cuomo v. U.S. Nuclear Regul. Comm'n*, 772 F.2d 972, 978 (D.C. Cir. 1985) (per curiam), as it "is an intrusion into the ordinary processes of administration and judicial review," *Nken v. Holder*, 556 U.S. 418, 427 (2009) (internal quotation marks omitted). To obtain the remedy, the moving party bears the burden of showing that such an intrusion is warranted upon consideration of four factors: "(1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits; (2) whether

the applicant will be irreparably injured absent a stay; (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and (4) where the public interest lies." *Id.* at 433–34 (internal quotation marks omitted).  In this case, these factors weigh against extraordinary relief.

Starting with the first factor, the Tribe has not shown a substantial likelihood of success on the merits.  The Court addressed indispensability at length in its Memorandum Opinion.  *See* Mem. Op. at 12–17.  And although the Tribe now challenges that opinion's reasoning, its new arguments do not persuade.  To start, the Tribe argues that immunity should "be viewed as one of those interests compelling by themselves" in assessing indispensability.  Tribe's Mot. for Stay Pending Appeal at 7, Dkt. 46 (quoting *Kickapoo Tribe of Indians of Kickapoo Rsrv. in Kansas v. Babbitt*, 43 F.3d 1491, 1496 (D.C. Cir. 1995)).  But this Court gave effect to that principle in the same manner that the D.C. Circuit did in *Kickapoo*: by limiting its indispensability analysis to the factors listed in Federal Rule of Civil Procedure 19(b).  *See Kickapoo*, 43 F.3d at 1496–97.  The Tribe also argues that the Secretary inadequately represented its interests in this case.  *See* Tribe's Mot. at 8.  But the Secretary shares the Tribe's position on the interpretation of IGRA.  *See* Mem. Op. at 14–15.  The Court addressed government counsel's shortcomings by ordering supplemental briefing, *see* Min. Order of Nov. 5, 2021, which ultimately raised the best arguments for the Tribe's position, *see* Suppl. Mem., Dkt. 41.  A stronger presentation would not have changed the case's outcome, as both IGRA's text and Supreme Court precedent require vacating the Secretary's approval.  *See* Mem. Op. at 18–23.  And because controlling precedent forecloses severing that approval, *see id.* at 24 n.8 (citing *Amador Cty.*, 640 F.3d at 378), the Secretary had no cause to request severance.  Accordingly, for the reasons discussed in its Memorandum Opinion, the Court concludes that the Tribe is unlikely to succeed on the merits.

The Court is also unpersuaded that the Tribe's motion raises "serious legal questions," as the phrase is used in the D.C. Circuit's "sliding scale" cases. *See, e.g.*, *Sherley v. Sebelius*, 644 F.3d 388, 398 (D.C. Cir. 2011). First, the Tribe describes as a serious legal question whether the plaintiffs could "conduct an end run around of the Tribe's immunity by filing suit against the United States." Tribe's Mot. at 8. But the plaintiffs here challenged the same kind of agency action that the D.C. Circuit found to be reviewable in *Amador County*, 640 F.3d at 381–83. *See* Mem. Op. at 16–17. And it is straightforward that challenging federal agency action under the Administrative Procedure Act does not implicate the Tribe's sovereign immunity. *See id.* at 14. The Tribe also argues that its motion necessarily raises a serious question because this Court's opinion conflicts with *PPI, Inc. v. Kempthorne*, 2008 WL 2705431 (N.D. Fla. July 8, 2008). *See* Tribe's Mot. at 8–9. But it takes more than judicial disagreement to warrant a stay. *See, e.g.*, *Nat'l Tr. for Historic Pres. in U.S. v. FDIC*, 995 F.2d 238 (D.C. Cir. 1993) (denying a stay over a dissent). And *PPI* both misstated the role of sovereign immunity in these circumstances and failed to address a strange consequence of its holding: that the Secretary's approval of gaming compacts would "*never* be subject to judicial review because the nonjoinder of a tribe [would] *always* require dismissal," Mem. Op. at 16; *see also id.* at 16–17 (noting tension between that consequence and *Amador County*). The Tribe has thus failed to identify a serious legal question in this case, which is a sufficient basis for denying a stay. *See Sherley*, 644 F.3d at 393.

Turning regardless to the second stay factor, the Tribe has failed to show that this Court's decision will cause it irreparable harm. *See Nken*, 556 U.S. at 434. The Tribe cannot show an injury to its sovereign immunity because this case does not implicate that immunity. *See supra*. And although the Tribe has a substantial economic interest in the instant Compact, *see* Tribe's Mot. at 11–12, "[e]conomic loss does not, in and of itself, constitute irreparable harm,"

3

*Randolph-Sheppard Vendors of Am. v. Weinberger*, 795 F.2d 90, 108 (D.C. Cir. 1986) (citation omitted).  Moreover, turning to the third stay factor, granting a stay would injure the plaintiffs, who have shown that the compact's operation causes them an ongoing competitive injury.  *See* Mem. Op. at 9–11.  Because there are economic losses on both sides of this case, the Court is hesitant, while sitting in equity, to transfer those losses to the party that prevailed at law.

On the last factor, any public interest in preserving the compact does not outweigh the above considerations.  *See Nken*, 556 U.S. at 434 (noting that the first two stay factors "are the most critical").  First, "[t]here is generally no public interest in the perpetuation of unlawful agency action."  *League of Women Voters of United States v. Newby*, 838 F.3d 1, 12 (D.C. Cir. 2016).  Second, although the Tribe invokes an interest in preserving the status quo, *see* Tribe's Mot. at 14, online gaming under the Compact began only on November 1, 2021, and the Tribe previously represented that it would not begin until November 15, *see* Mem. Op. at 5.  Third, the Compact specifically provided for the disallowance of online sports betting, *see* Pls.'s Mot. in Opp. to the Tribe's Mot. to Intervene at 7, Dkt. 22 (collecting provisions), which suggests that such disallowance will not be especially disruptive, *see also* Mem. Op. at 24 (noting that the Tribe's prior gaming compact remains in effect).  Fourth, the State, the Tribe, and the Secretary can mitigate the effects of this Court's decision by approving a new, lawful Compact in short order.  *See id.* at 24–25.  And finally, the Court's decision did not foreclose other avenues for authorizing online sports betting in Florida, including a citizen's initiative, *see* Fl. Const. art. X, § 30(a).  *See* Mem. Op. at 24–25.  Those avenues cut against considering the general costs and benefits of online sports betting in this posture.

4

For the reasons stated above, in addition to those stated in the Memorandum Opinion, the Court finds that Tribe does not satisfy the requirements for the "extraordinary remedy" of a stay. *Cuomo*, 772 F.2d at 978. Accordingly, it is

**ORDERED** that the Seminole Tribe of Florida's Motion to Stay Pending Appeal, Dkt. 46, is **DENIED**.

November 24, 2021

DABNEY L. FRIEDRICH
United States District Judge